UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

DIANE S. PARKER,

    Plaintiff,

v.                                        ACTION NO. 4:17cv143

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on plaintiff's motion for leave to amend the complaint appealing the denial of her disability benefits to raise the argument that the administrative law judge who presided over her hearing was not hired consistent with the Appointments Clause of the United States Constitution. ECF No. 20. This argument is premised upon the Supreme Court case of *Lucia v. SEC*, 138 S. Ct. 2044 (2018), decided on June 21, 2018. ECF No. 21 at 1–2. For the reasons that follow, plaintiff's motion for leave to amend is **GRANTED**.

On December 15, 2017, plaintiff filed a complaint appealing the decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). ECF No. 3. Plaintiff alleged that the Appeals Council for the SSA denied her request to review the decision of the administrative law judge ("ALJ"), which stands as the final decision of the defendant. *Id.* at 2–3. Plaintiff further alleged that the ALJ decision is unsupported by substantial evidence. *Id.* at 3. Defendant filed an answer on March 9, 2018. ECF No. 8. In

compliance with the Court's order, the parties filed cross motions for summary judgment addressing whether substantial evidence in the record supports the decision of the ALJ, which were fully briefed on May 26, 2018. ECF Nos. 11, 15–19.

On September 25, 2018, plaintiff filed a motion for leave to amend the complaint, with a memorandum in support and a proposed amended complaint attached. ECF Nos. 20, 22. In addition to the argument that the decision of the ALJ is not supported by substantial evidence, plaintiff alleges the defendant's decision to deny her benefits "is unconstitutional and void because the agency's disability determination of this case violates the Appointments Clause and constitutional removal requirements." ECF No. 20-1 at 2. This allegation is premised upon the holding in *Lucia* that ALJs for the Securities and Exchange Commission are "'Officers' under the Appointments Clause and cannot preside over hearings unless they are hired consistent with the Appointments Clause." ECF No. 22 at 2–3. Defendant filed an opposition to the motion for leave to amend the complaint on October 4, 2018. ECF No. 23. Defendant asserts granting leave to file the proposed amended complaint would be futile, because plaintiff "forfeited any claim based upon the Appointments Clause by failing to raise it during the administrative process." *Id.* at 4. Plaintiff filed a reply on October 9, 2018. ECF No. 24.

Federal Rule of Civil Procedure 15(a) provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend should be given "unless 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that leave to amend may be denied for "undue delay, bad faith or dilatory motive on

2

the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."). An amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986); *Wilkins v. Wells Fargo Bank, N.A.*, 320 F.R.D. 125, 127 (E.D. Va. 2017). A motion to amend a complaint should be denied as futile if it is apparent that "the proposed amendments could not withstand a motion to dismiss." *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

The issue of whether applicants seeking Social Security benefits waive any claim based upon the Appointments Clause by failing to raise it during the administrative process is only starting to work its way through the courts. The issue has not been addressed by the Fourth Circuit, and is far from resolved. As a result, plaintiff's proposed amended complaint plausibly alleges facts that could support a claim, and the amendment is not "clearly insufficient or frivolous." The Court finds that allowing the amendment would not be futile. The Court will address defendant's waiver argument following full briefing by the parties. Accordingly, plaintiff's motion for leave to amend the complaint is **GRANTED** and plaintiff is **DIRECTED** to file the amended complaint within two business days of the entry of this Order.

The Court further DIRECTS counsel for the parties to schedule a telephone conference with the undersigned by contacting the magistrate courtroom deputies at (757) 222-7222.

The Clerk is DIRECTED to mail copies of this Order to all counsel of record.

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
October 22, 2018