UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**DIANE S. P.,**

       **Plaintiff,**

v.                                       Action No. 4:17cv143

**NANCY A. BERRYHILL,** *Acting*
*Commissioner of Social Security*,

       **Defendant.**

## FINAL ORDER

Plaintiff, Diane S. P. ("Plaintiff"), with the assistance of counsel, brought this action seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance benefits and supplemental security income. The case was referred to a United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) & (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Local Rules of this Court, for a Report and Recommendation ("R&R").

On January 23, 2019, the Magistrate Judge assigned to this case issued a detailed R&R recommending that Plaintiff's second motion for summary judgment be denied, and that the Commissioner's cross-motion for summary judgment be granted. ECF No. 39. By copy of the R&R, each party was advised of the right to file written objections, and on February 6, 2019, the Court received Plaintiff's Objections to the R&R. ECF No. 40. After obtaining a briefing

extension, the Commissioner filed its response on March 6, 2019. ECF No. 43.  As set forth below, after reviewing relevant portions of the record and performing a de novo review of all objected-to portions of the R&R, and after performing a "clear error" review of all other portions of the R&R, the Court **ADOPTS** the findings and recommendations set forth in the Magistrate Judge's detailed and well-reasoned R&R.

Briefly addressing Plaintiff's objections, the majority of the first subpart of Plaintiff's first objection is not really an "objection" because it argues, consistent with the Magistrate Judge's ruling, that "issue exhaustion" in a Social Security case is not mandated by statute or regulation.  As for the remainder of Plaintiff's associated argument, which challenges the Magistrate Judge's analysis distinguishing the instant case from Sims v. Apfel, 530 U.S. 103 (2000), this Court adopts the Magistrate Judge's analysis.[1]  Such analysis highlights the fact that although issue

---

[1] Even assuming that, as argued by Plaintiff, the Magistrate Judge misinterpreted/misstated Plaintiff's argument regarding whether a Social Security "due process notice" effectively reflects the regulatory requirement that a claimant use the administrative process to raise all relevant issues before the ALJ, such purported misinterpretation does not alter the outcome.  See ECF No. 40, at 3; ECF No. 39, at 31 n.13.  Similarly, the fact that the Magistrate Judge used the mandatory term "must" when paraphrasing a regulatory provision that instead uses the term "should" does not change the outcome.  ECF No. 39, at 28.  Notably, the cited regulation is to be read in conjunction with associated regulations, and while Plaintiff is correct that claimants "should" initially identify all issues to be presented to the ALJ when requesting a hearing, associated regulations indicate that such claimant "must notify the [ALJ] in writing at the earliest possible opportunity" if any pertinent issues were excluded from the ALJ's hearing notice.  20 C.F.R. §§ 404.939, 416.1439.  In addition to these general regulations is a topic-specific regulation indicating that a claimant "must notify the [ALJ] at [the] earliest opportunity" if the claimant seeks

exhaustion is <u>not required</u> by statute or regulation, a finding supported by <u>Sims</u>, the regulations provide procedures both for raising "as applied" constitutional challenges before the ALJ and for challenging <u>the specific ALJ assigned to a specific Social Security case</u>.[2] ECF No. 39, at 28-32.

The second subpart of Plaintiff's first objection contends that because the Social Security administrative claims process is "non-adversarial," the Magistrate Judge erred by finding that a <u>court-imposed</u> issue exhaustion requirement is appropriate. While this Court acknowledges that the rationale for issue exhaustion is less compelling in non-adversarial proceedings, when balancing all relevant considerations, including the multiple Social Security regulations indicating that a claimant "should" or "must" raise issues before the ALJ as soon as practicable, as well as efficiency

---

disqualification of the ALJ assigned to his or her case. 20 C.F.R. § 404.940 (emphasis added). The cited regulations therefore support the Magistrate Judge's conclusion that while the regulations do not mandate issue exhaustion, they at a minimum indicate that a claimant is expected to timely present all available arguments to the ALJ, particularly if the ALJ's capacity to adjudicate claims is at issue.

[2] Although the Supreme Court's holding in <u>Sims</u> was fractured, the Court's majority opinion stated that "[w]hether a claimant must exhaust issues before the ALJ is not before us." <u>Sims</u>, 530 U.S. at 107. In the concurring opinion authored by Justice O'Conner, the concurrence: (1) begins by reporting that the Court is "unanimous" on the underlying principle that "[i]n most cases, an issue not presented to an administrative decisionmaker cannot be argued for the first time in federal court"; and (2) focuses its analysis on whether the claimant received "notice" of the risk of issue preclusion if she failed to reassert a claim during the administrative appeals process as well as the fact that the claimant did "everything that the agency asked of her" and therefore should not be found to have forfeited any claims. <u>Id.</u> at 112-14 (O'Conner, J., concurring in part). Here, the R&R distinguishes the ALJ hearing process from the administrative appeals process, noting that, in the former, the claimant bears primary responsibility for identifying issues.

interests, this Court agrees with the findings in the R&R, and countless prior and subsequent federal district court decisions, holding that court-imposed issue exhaustion is appropriate in the Social Security context, <u>at least with respect to appointments clause challenges</u>.  See ECF No. 39, at 32-33 (citing cases);[3] <u>Bennett v. Berryhill</u>, No. 2:17cv520, 2019 WL 1104186, at *7-11 (E.D. Va. Feb. 15, 2019), <u>report and recommendation adopted</u>, 2019 WL 1102203 (E.D. Va. Mar. 8, 2019).  In this Court's view, Plaintiff's arguments focusing on the non-adversarial nature of Social Security proceedings are undercut in large part by the fact that a challenge to the ALJ's capacity, at least in the form at issue here, is a matter that the ALJ has no occasion to identify as part of his or her role <u>investigating the merits-facts</u>. Moreover: (1) Social Security regulations provide an express procedure for challenging, at the earliest opportunity, the assigned ALJ; and (2) "[t]he Supreme Court has never indicated that [appointment] challenges must be heard regardless of [forfeiture]," but instead "the Court has proceeded on a case-by-case basis, determining whether the circumstances of the particular case warrant excusing the failure to timely object."  <u>In re DBC</u>, 545 F.3d 1373, 1380 (Fed. Cir. 2008) (citing <u>Freytag v. Comm'r</u>, 501 U.S. 868, 879, 893 (1991)).

---

[3] This Court is aware of, but declines to follow, the contrary reasoning in <u>Bizarre v. Berryhill</u>, No. 1:18cv48, 2019 WL 1014194, at *7 (M.D. Pa. Mar. 4, 2019).

4

Here, there are no case-specific circumstances that warrant excusing Plaintiff's failure to timely raise an appointment challenge during the administrative process, with the Supreme Court case on which Plaintiff now seeks to rely arising from the review of a published appellate decision issued <u>several months prior to</u> Plaintiff's hearing before the ALJ. See <u>Lucia v. S.E.C.</u>, 138 S. Ct. 2044, 2055 (2018) ("[O]ne who makes a <u>timely challenge</u> to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief.") (emphasis added) (internal quotation marks and citation omitted).[4] Moreover, excusing Plaintiff's failure to <u>timely</u> raise such claim would incentivize "sandbagging," an approach where a litigant benefits from "suggesting or permitting, for strategic reasons," that the administrative body "pursue a certain course" (here, continuing with the assigned ALJ without opposition during either the initial hearing or the administrative appeal), "and later—if the outcome is unfavorable [as it was here]—claiming that the course followed was reversible error" because the initial administrative adjudicator lacked capacity to issue a ruling. <u>Freytag</u>, 501 U.S.

---

[4] The District of Columbia Circuit issued a <u>published</u> opinion in <u>Lucia</u> in August of 2016. <u>Raymond J. Lucia Companies, Inc. v. Sec. & Exch. Comm'n</u>, 832 F.3d 277, 285 (D.C. Cir. 2016). Plaintiff's hearing before the ALJ was not conducted until December of 2016. On February 16, 2017, the D.C. Circuit granted a petition for rehearing <u>en banc</u> in <u>Lucia</u>. Plaintiff submitted her administrative appeal one month <u>after</u> the <u>en banc</u> petition was granted. Published appellate case law, therefore, should have put Plaintiff's counsel on notice of the availability of an appointment's clause challenge during both phases of the administrative review process.

5

at 895 (Scalia, J., concurring in part).[5] Accordingly, for the reasons explained in greater detail in the R&R, the judicial doctrine of issue exhaustion is appropriately applied to the appointment's challenge in this case, and there is no reason to excuse Plaintiff's non-compliance. See Sims, 530 U.S. at 117 (Breyer, J., dissenting) ("I assume the plurality would not forgive the requirement that a party ordinarily must raise all relevant issues before the ALJ."); cf. Sayre v. Chater, 113 F.3d 1232, 1997 WL 232305, at *2 (4th Cir. 1997) (table) (finding, in an unpublished opinion decided prior to Sims, that an "assignment of error" was waived in a Social Security case where there was "nothing in the record to suggest that [the claimant] provided either the ALJ or the Appeals Council with the opportunity to consider" such challenge); Freytag, 501 U.S. at 894-95 (Scalia, J., concurring in part) ("No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.") (citation omitted).

Plaintiff's second and third objections attack the Magistrate Judge's ruling on the substance of the ALJ's merits-based disability determination. ECF No. 40, at 9-10. Having conducted

---

[5] Justice Scalia's concurrence in Freytag was joined by three other justices.

a de novo review of such challenges,[6] for the reasons stated in the R&R, and for those articulated in the Commissioner's response to Plaintiff's objections, this Court adopts the Magistrate Judge's analysis without further comment.

In summary, the R&R is hereby **ADOPTED**, Plaintiff's motion for summary judgment is **DENIED,** ECF No. 31, and the Commissioner's motion for summary judgment is **GRANTED**, ECF No. 36.

The Clerk is requested to forward a copy of this Final Order to all counsel of record.

**IT IS SO ORDERED**.

/s/<br>Mark S. Davis<br>Chief United States District Judge

Norfolk, Virginia
March 21, 2019

---

[6] The Court has considered de novo Plaintiff's specific challenges to the Magistrate Judge's findings on these merits-based issues. To the extent Plaintiff's objections purport to "reiterate" the same arguments previously presented to the Magistrate Judge, such "general" objections warrant no more than clear error review. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-46 (W.D. Va. 2008) (rejecting the plaintiff's "reformatting" of an earlier summary judgment brief, noting the waste of judicial resources that would occur if the district court performs an identical task to the magistrate judge).