UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**DIANE P.**[1],

      Plaintiff,

v.                                                         **Case No. 4:17cv143**

**KILOLO KIJAKAZI,**
*Acting Commissioner of*
*Social Security*,

      Defendant.

## OPINION AND ORDER

This matter is before the Court on a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, filed by Plaintiff Diane P. ("Plaintiff"). ECF No. 62. For the reasons stated below, Plaintiff's motion is **DENIED**.

### I. BACKGROUND

On December 12, 2016, a Social Security Administrative Law Judge ("ALJ") conducted a hearing to assess Plaintiff's application for disability insurance benefits and supplemental security income. ECF No. 39, at 2. On January 19, 2017, the ALJ issued a decision denying Plaintiff's application. Id. Plaintiff appealed the ALJ's decision, but on October 16, 2017, the Appeals Council denied Plaintiff's request for review. Id. Plaintiff

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States recommended that federal courts use only the first name and last initial of any non-government parties in Social Security cases for privacy reasons. https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf (last visited Jan. 5, 2022).

then filed a complaint with this Court on December 15, 2017. ECF No. 3. Summary judgment briefing took place between April and May of 2018, but before the Magistrate Judge issued a Report and Recommendation ("R&R") on the motions, the Supreme Court decided Lucia v. SEC, 138 S. Ct. 2044 (2018). Resolving a circuit split between the D.C. and Tenth Circuits, the Lucia Court held that Securities and Exchange Commission ALJs were "Officers of the United States" and must therefore be appointed pursuant to the Appointments Clause of the United States Constitution. Id. at 2055.

In light of the Supreme Court's holding in Lucia, Plaintiff amended her complaint in this case to add an Appointments Clause claim, contending that the ALJ's decision must be vacated because the ALJ was not properly appointed. ECF Nos. 20, 21, 25. On summary judgment, the Government argued that Plaintiff forfeited her Appointments Clause challenge because she never raised the issue during agency proceedings. ECF No. 37, at 14. The Magistrate Judge agreed with the Government's forfeiture argument and recommended that this Court deny Plaintiff's second motion for summary judgment and grant the Government's cross motion for summary judgment. ECF No. 39, at 41. Over Plaintiff's objection, this Court adopted the Magistrate Judge's R&R, noting that "countless prior and subsequent federal district court decisions" held that "court-imposed issue exhaustion is appropriate in the

2

Social Security context" for Appointments Clause challenges. ECF No. 46, at 4.

Plaintiff appealed her case to the Fourth Circuit, and after the parties fully briefed the case in the fall of 2019, the Fourth Circuit held Plaintiff's case in abeyance pending its decision in a similar case: Probst v. Saul, No. 19-1529 (4th Cir.). ECF No. 63, at 2; ECF No. 64, at 4. On November 20, 2020, the Fourth Circuit issued its opinion in Probst, holding that a claimant does not forfeit an Appointments Clause challenge by failing to raise it during Social Security proceedings. Probst v. Saul, 980 F.3d 1015, 1020 (4th Cir. 2020). In so holding, the Fourth Circuit agreed with the Third and Sixth Circuits and disagreed with the Eighth and the Tenth Circuits. Id. at 1019 (noting that the Third and Sixth Circuits rejected the Government's forfeiture argument but the Eighth and Tenth Circuits adopted it). Five months later, the Supreme Court sided with the Third, Fourth, and Sixth Circuits, holding that Social Security proceedings before an ALJ are not sufficiently adversarial to justify a court-imposed issue exhaustion requirement for Appointments Clause claims. Carr v. Saul, 141 S. Ct. 1352, 1360–61 (2021). Following the Supreme Court's decision in Carr, this Court vacated the Commissioner of Social Security's decision in the instant case and remanded the matter back to the agency for a new hearing before a properly appointed ALJ. ECF No. 58.

On November 7, 2021, Plaintiff filed the instant motion for attorney's fees. ECF No. 62. The Government filed an opposition brief on November 21, 2021, ECF No. 64, and Plaintiff filed her reply on November 29, 2021, ECF No. 65. Both parties filed supplemental briefing shortly thereafter. See ECF Nos. 67–69, 71.

## II. LEGAL STANDARD

Under the EAJA, a civil litigant who prevails against the United States is entitled to attorney's fees "unless the Court finds that the position of the United States was substantially justified" or "special circumstances make the award unjust." 28 U.S.C. § 2412(d)(1)(A). The Government's position can be substantially justified even if it is ultimately wrong, and there is no presumption that the Government's position was not substantially justified merely because it lost a case. Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988); Crawford v. Sullivan, 935 F.2d 655, 657 (4th Cir. 1991). Indeed, to prove that its position was substantially justified, the Government has to show only that it had "a reasonable basis in law and fact" to take the position— or, stated differently, that a reasonable person could have thought that the position was correct. Pierce, 487 U.S. at 566 n.2; Meyer v. Colvin, 754 F.3d 251, 255 (4th Cir. 2014); Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988). When deciding whether the Government's position is substantially justified, the Court must evaluate both the Government's position during the litigation in

4

federal court and its position during the agency action giving rise to the litigation.  See United States v. 515 Granby, LLC, 736 F.3d 309, 315 (4th Cir. 2013); Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); Crawford, 935 F.2d at 656-57.

### III. DISCUSSION

It is undisputed that Plaintiff is the "prevailing party" under the EAJA because this Court vacated the Commissioner of Social Security's final decision and remanded Plaintiff's case back to the agency for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  See Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993).  There is, however, a dispute over whether the Government's litigation and prelitigation positions were substantially justified.  The Court will address each in turn.

#### A. Government's Litigation Position

When the Government made its forfeiture argument in the instant case, neither Probst nor Carr had been decided, and courts in this district had overwhelmingly agreed that a claimant forfeited her Appointments Clause claim when she failed to raise it during agency proceedings, see, e.g., Shelton v. Berryhill, No. 2:17cv609, 2019 WL 2477637, at *10 (E.D. Va. Jan. 24, 2019), report and recommendation adopted, No. 2:17cv609, 2019 WL 1330897 (E.D. Va. Mar. 25, 2019); Lee v. Berryhill, No. 2:18cv214, 2018 WL 8576604, at *5 (E.D. Va. Dec. 20, 2018), report and recommendation adopted, No. 2:18cv214, 2019 WL 1299366 (E.D. Va. Mar. 21, 2019);

5

Bennett v. Berryhill, No. 2:17cv520, 2019 WL 1104186, at *9-10 (E.D. Va. Feb. 15, 2019), report and recommendation adopted, No. 2:17cv520, 2019 WL 1102203 (E.D. Va. Mar. 8, 2019). A litany of district courts across the country had likewise adopted the Government's forfeiture argument. ECF No. 37, at 17-18 (citing cases); ECF No. 39, at 33-34 (citing cases). Such widespread legal support strongly suggests that the Government's litigation position was reasonable in law and fact.[2]

Plaintiff asserts, however, that the Government's forfeiture argument was unreasonable because the Supreme Court's decision in Sims v. Apfel, 530 U.S. 103 (2000), presented "an insurmountable barrier to pursuing an issue waiver defense in Social Security disability claims." ECF No. 63, at 8, 11. In Sims, the Supreme Court held that Social Security claimants who raised issues before an ALJ need not raise them again before the Appeals Council to preserve them for judicial review. 530 U.S. at 112. But, in so holding, the Sims Court explicitly limited its ruling to proceedings before the Appeals Council. Id. at 107 ("Whether a claimant must exhaust issues before the ALJ is not before us."). Moreover, while the Supreme Court in Carr noted that "[m]uch of what the Sims opinions said about Appeals Council review applies

---

[2] Although it post-dates the Government's argument in the instant case, the fact that there was a circuit split on the forfeiture issue before it reached the Supreme Court lends some additional support for the conclusion that the Government's forfeiture argument in the instant case was reasonable in law and fact. See Carr, 141 S. Ct. at 1357 (discussing the circuit split).

6

equally to ALJ proceedings," the Carr Court also agreed with the Government that there are "several differences that may make ALJ hearings relatively more adversarial" than Appeals Council proceedings. 141 S. Ct. at 1359-60 (emphasis added); see also Sims, 530 U.S. at 117 (Breyer, J., dissenting) ("I assume the plurality would not forgive the requirement that a party ordinarily must raise all relevant issues before the ALJ.").

Without the benefit of clearly defined controlling precedent, the Government in this case relied on a longstanding principle of administrative law: "objections to the proceedings of an administrative agency [must] be made while it has opportunity for correction in order to raise issues reviewable by the courts." United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 37 (1952); see also Unemployment Comp. Comm'n of Alaska v. Aragon, 329 U.S. 143, 155 (1946); Hormel v. Helvering, 312 U.S. 552, 556 (1941). The fact that the Supreme Court in Carr ultimately rejected this position does not mean the Government's reliance on it before Carr was unreasonable. To reiterate, the operative question is not whether the Government was correct, but merely whether a reasonable person could have believed the Government's position was correct. See Meyer, 754 F.3d at 255. Considering the state of the law at the time the Government made its forfeiture

7

argument in the instant case, the Government's litigation position was substantially justified.[3]

### B. Government's Prelitigation Position

Turning to Plaintiff's argument regarding the Government's prelitigation position, there is a dispute over how to characterize the position. Because an Appointments Clause challenge was not raised before the case reached this Court, the Government contends that its prelitigation position was its decision not to raise an Appointments Clause challenge sua sponte during agency proceedings. ECF No. 64, at 10. Plaintiff, on the other hand, adopts a broader interpretation of "position of the United States," arguing that the Government's prelitigation position includes (1) the Government's decision not to promulgate a rule requiring issue exhaustion in ALJ proceedings, and (2) the Government's decision not to request a remand of every appeal in federal court that an improperly appointed ALJ decided. See ECF No. 63, at 7–10. After careful consideration, the Court concludes that the Government's interpretation is correct. The prelitigation position that the

---

[3] The Court's holding is consistent with the vast majority of cases that have addressed this issue. See, e.g., Marshall v. Saul, 4:20cr57, 2021 WL 5766815, at *2 (E.D. Va. Dec. 3, 2021); Nelson S. v. Saul, No. 3:19cv1289, 2021 WL 5768520, at *5 (D. Conn. Dec. 6, 2021); Reese v. Kijakazi, No. 1:19cv139, 2021 WL 5493026, at *7 (D.N.M. Nov. 23, 2021); Hernandez v. Comm'r of Soc. Sec., No. 4:19cv449, 2021 WL 5711284, at *4–5 (D. Ariz. Nov. 12, 2021); Ramsey v. Comm'r of Soc. Sec., No. 2:17cv13713, 2021 WL 5233285, at *3 (E.D. Mich. Nov. 10, 2021); Dewonkiee L. B. v. Comm'r of Soc. Sec., No. 5:19cv503, 2021 WL 3417842, at *3 (N.D.N.Y. Aug. 5, 2021).

Court must consider is the Government's prelitigation action or inaction "upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D) (emphasis added); see also Smith v. Bowen, 867 F.2d 731, 734 (2d Cir. 1989) ("[A] court should inquire into both the underlying agency determination affecting the party, as well as the Government's litigation strategy in defense of that determination."); Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (same); Johnson v. Gonzales, 416 F.3d 205, 210 (3d Cir. 2005) (same). Here, the Court must therefore review what occurred in this case before the ALJ and the Appeals Council, as those proceedings are what gave rise to the instant litigation. Accordingly, the Court must determine whether the Government was substantially justified in failing to raise an Appointments Clause challenge during agency proceedings sua sponte.

Generally speaking, whether the Government's position is substantially justified turns on whether the Government's position flouts settled law. See, e.g., Thompson v. Sullivan, 980 F.2d 280 282 (4th Cir. 1992) (finding no substantial justification because the agency had a "policy of non-acquiescence" to Fourth Circuit law); Evans v. Sullivan, 928 F.2d 109, 112 (4th Cir. 1991) (finding no substantial justification in part because the ALJ did not comply with settled Fourth Circuit law); Jones v. Saul, No. 1:19cv275, 2021 WL 5600621, at *2 (W.D.N.C. Nov. 30, 2021) (finding substantial justification because there was "[n]o settled law"

9

governing the issue). When agency proceedings took place here, no settled law required that the Government raise an Appointments Clause issue sua sponte during agency proceedings. In fact, there was widespread uncertainty over whether an Appointments Clause claim was even valid at all, as the Supreme Court had not yet decided Lucia, there was a circuit split over whether ALJs in other agencies were subject to the Appointments Clause, and the Fourth Circuit had not weighed in on the issue. It also bears noting that even today, in the wake of Lucia, no settled law mandates that the Government raise an Appointments Clause issue sua sponte during agency proceedings. Jones, 2021 WL 5600621, at *2. Thus, the Court finds that the Government's prelitigation position was substantially justified.[4]

## IV. CONCLUSION

For the reasons stated above, the Court finds that the Government's litigation and pre-litigation positions were substantially justified. Therefore, Plaintiff's motion for attorney's fees is **DENIED**. ECF No. 62.

---

[4] The Court's conclusion on this issue is consistent with the findings of district courts across the country. See, e.g., Jones, 2021 WL 5600621, at *2; Sisk v. Comm'r of Soc. Sec., No. 3:19cv342, 2021 WL 5567073, at *2 (M.D. Tenn. Nov. 29, 2021); Hernandez, 2021 WL 5711284, at *3; Dove-Ridgeway v. Saul, No. 1:19cv35, 2021 WL 1827206, at *6 (D. Del. May 7, 2021); Rich v. Comm'r of Soc. Sec. Admin., 477 F. Supp. 3d 388, 394 (E.D. Pa. 2020).

The Clerk is **REQUESTED** to forward a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 10, 2022

11